IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMPLOYERS MUTUAL CASUALTY COMPANY,

    Plaintiff and Counter Defendant,

vs.                                                     1:20-cv-01088-KWR-LF

CONTRACTORS BONDING AND
INSURANCE COMPANY,

    Defendant and Counter Claimant.

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court upon the Employer Mutual Casualty Company's ("EMCC") Motion to Dismiss Counterclaims for Failure to State a Claim **(Docs. 18, 19)**. Having reviewed the parties' pleadings and the relevant law, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

This is a dispute between two insurance companies about the apportionment of the costs of settling and defending a state court tort suit. Plaintiff EMCC seeks to force Defendant Contractors Bonding and Insurance Company ("CBIC") to contribute to the settlement in an underlying state tort case. CBIC filed counterclaims, seeking a declaration that EMCC owed a duty to indemnify and defend one of the state court defendants, LSVA-1, LLC. CBIC seeks reimbursement from EMCC for the amounts it paid to defend or indemnify LSVA-1.

This motion involves that counterclaim. The counter defendant, EMCC, moves to dismiss the counterclaims against it.

CBIC, the counterclaimant seeks reimbursement from the counter defendant, EMCC, for costs it allegedly incurred to defend and indemnify LSVA-1, LLC in a state court suit.

Counterclaimant alleges that LSVA-1 is a wholly owned subsidiary of counter defendant's insured, and counter defendant was obligated to provide coverage under a policy endorsement. The endorsement at issue provides that "the definition of an insured is expanded by the endorsement to include ' [a]ny legally incorporated subsidiary in which you own more than 50% of the voting stock on the effective date of the policy.'" **Doc. 13 at 17.** Counter defendant moves to dismiss the counterclaim, asserting that the subsidiary entity at issue, LSVA-1, is not an insured under this provision because it (1) is not a legally incorporated subsidiary as it is a limited liability company, and (2) does not have voting stock.

Counterclaimant alleged that LSVA-1 was a wholly owned subsidiary of EMCC's named insured, and that the named insured owned more than 50% of LSVA-1's stock. The parties appear to agree that LSVA-1 was wholly owned by the insured. **Doc. 1 at 4.** Counter defendant's motion appears to rely on certain facts which are in addition to, or contrary to, these allegations. The policies at issue are not in the record. The Court finds that the counter claimant's allegations are sufficient to state plausible claims.

In support of its motion, the Counter defendant cites to definitions of limited liability companies and corporations from the New Mexico secretary of state's website. **Doc. 18 at 8.** Counter defendant also cites to the New Mexico statutes regarding limited liability companies (NMSA § 53-19-1, Limited Liability Company Act) and corporations (NMSA § 53-11-1, Business Corporation Act).

Counterclaimant asserts that the Court should analyze the full circumstances surrounding the policy provision, and there is nothing to suggest that it was the underwriting intent to provide coverage for a subsidiary corporation but not for a wholly-owned subsidiary LLC. **Doc. 29 at 7.**

The Court must interpret the intent of the parties in forming the contract. The parties have not cited to any law, record, or allegation that the contracting parties intended to incorporate the New Mexico statutory language into their policies. The policies are not in the record, and it is unclear whether the policies incorporated New Mexico law or whether the insured (BRE) was a New Mexico corporation.

The parties do not cite to case law or secondary sources which directly bears on the interpretation of the policy language. EMCC apparently asks the court to analyze the interplay between two statutes governing limited liability companies and corporations. Even so, the parties have not shown why a technical reading of the New Mexico statute would govern the Court's interpretation of the contractual language.

The New Mexico statutory language may or may not govern an interpretation of the intent of the parties in the contractual provision. However, given the many tools of contract interpretation that exist, the Court declines to go through this analysis on its own.

Counter defendant also argues that the definition of "insured" in the policy "does not include any subsidiary that is a insured under any other general liability policy." **Doc. 18 at 6 n.1.** However, counter claimant does not plead specific factual allegations that LSVA-1 is covered by another general liability policy. Counterclaimant asserts that LSVA-1 was covered by a business owner's policy. The Court will not resolve, without a record or argument from counsel, whether a business owner's policy is the same as a general liability policy.

**IT IS THEREFORE ORDERED** that the Counter Defendant's Motion to Dismiss counterclaims **(Docs. 18, 19)** is hereby **DENIED** for reasons described in this order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**

4